JAMES P. LAND *v.* C. G. LAND, ETC.

**Partnership—Silent Partner—Right and Liabilities as to Third Parties.**

A court of equity will not protect or enforce the rights of a partner as against those who have even acquired the partnership effects in good faith, where for the period of two years and longer he stands quietly by and permits innocent parties to deal with his partner as if he was the sole owner of the property, and the court will not, after this long acquiescence on his part, hunt up partnership monies invested in real estate to which another has the legal title.

APPEAL FROM HARRISON CIRCUIT COURT.

October 4, 1871.

OPINION BY JUDGE PRYOR:

That partners have a lien upon partnership property to secure the payment of partnership debts is unquestioned, and that one partner has no right to use the partnership asset in the payment of an individual debt to the prejudice of the other partner, is equally as well settled, but the well settled principles in reference to partnerships cannot be made applicable to the facts as presented by this record. The appellee, C. G. Land, was engaged in selling goods in the town of Cynthiana in the year 1865, and during that year formed a partnership with the appellant by which the appellant became entitled to one-fourth of the partnership effects and profits and the appellee, C. G. Land, to the other three-fourths. Shortly before the partnership was created the appellee had commenced the erection of a storehouse on ground purchased of one Box. On the 27th day of July, 1866,

Box and wife conveyed by deed this lot of ground upon which the business house was being built to the wife of the appellee, C. G. Land. During the period this house was being built, he borrowed of McGibbon and Mrs. Sweeney about $2,600.00, and in conjunction with his wife executed a mortgage on the lot, including the improvements, to secure its payment. The money thus borrowed was placed to the appellee, C. G. Land's credit, on the firm books. The hands and those employed in the erection of the building were paid some in goods, and others in money out of the partnership assets, the money borrowed having constituted a part of these assets.

In 1868 the appellee, McKee, purchased of the appellee, C. G. Land, this house and lot, and in payment therefor discharged the debts for which the mortgage was given to secure and took in his own note, owing him by C. G. Land, for about $2,000.00. The appellee, C. G. Land, sold the entire stock of goods to one Cox for $4,246.00, and the principal part of this sum was applied to the payment of the partnership debts. The appellant now brings this suit in which he alleges that he has paid off the partnership debts, and that the firm is indebted to him several hundred dollars. He insists that the house and lot of ground sold to McKee is partnership property, for the reason that it was built and purchased with the partnership funds, and that the house and lot is liable to the extent of the partnership assets used in its purchase, and the erection of the building, and that McKee was cognizant that it was bought and built with partnership funds when he purchased the property. He also seeks to recover from the appellees, Curry and wife, a sum of money paid them, as he alleges, out of the partnership funds in discharge of the individual indebtedness of the appellee, C. G. Land.

It seems from the proof that the appellant lived in the county of Lincoln from the formation of the partnership in 1865 until its termination in 1868; that he was represented in the store by a clerk, he having placed him there as a salesman. The appellee, C. G. Land, had the entire and unlimited control of all the partnership interests and from 1865 to 1868 used the partnership funds for any and all purposes, both in the discharge of his individual as well as the partnership debts.

The deed to the house and lot was made in 1866 to the wife and recorded in the Harrison clerk's office. The expenditures

made for the purpose of the building were entered in the books of the firm, but so far as the proof shows no one of the parties defendants to the action except the appellee, C. G. Land, and wife ever knew who constituted the firm, and no knowledge of the misapplication of the assets was ever brought home to any one of them. McKee had the right to believe that the house and lot belonged to the wife. She had a deed for the property, and that deed had been of record in the Harrison county clerk's office for nearly two years. It is true that the firm's name was C. G. Land & Co., but what that company was, seemed to have been unknown in Cynthiana until the insolvency of C. G. Land occurred.

The appellant was grossly neglectful of his business, or he acquiesced in the conduct of his partner so far as it effected the business of the partnership.

We are inclined to believe that the appellant must have known of the manner in which C. G. Land was conducting the business of the firm. The house was built after the partnership was formed; the deed made to Mrs. Land and monies appropriated all the time by the business partner to the payment of his own debts as well as in the improvements of the property. Entries were made in the books of these expenditures, with the knowledge on the part of the clerk at least, of the wrongful appropriation of the monies.

This mode of conducting the business continued as long as the partnership lasted, and was evidence to those who transacted business with the active partner of his right to use the partnership funds as he saw proper, or, in other words, he was regarded by them as the sole owner of the establishment.

The appellant at no time ever asserted any claim upon the partnership property in any way, and never, by word or action, gave any of those dealing and trading with C. G. Land notice that the appellant had any interest whatever in the store, until the institution of this suit.

A court of equity will not protect or enforce the rights of the appellant as against those who have even acquired the partnership effects in good faith, when, for the period of two years and longer, he stands quietly by and permits innocent parties to deal with his partner as if he was the sole owner of the property.

He must not expect a court of equity after this long acquiescence on his part and the gross neglect of his own business, to hunt up partnership monies invested in the improvements of real estate to which others have the legal title, and out of this improvement to reimburse him as against innocent purchasers. The claim of Curry and wife was for money loaned and used for the partnership purposes, and whether it was or not the appellant has no right to it as against them for the reasons already stated. We perceive no error in the judgment prejudicial to the appellant the same is therefore affirmed.

*J. Q. Ward, for appellant.*

*McClintock, for appellees.*